Filed 1/15/14  P. v. Cabral CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058860 |
| v. | (Super.Ct.No. FRE03988) |
| ANTHONY CABRAL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**STATEMENT OF THE CASE**

On September 4, 2001, a first amended complaint charged defendant and appellant Anthony Cabral with possession of a controlled substance under Health and Safety Code section 11378 (count 1); possession of a controlled substance while armed with a firearm under Health and Safety Code section 11370.1 (count 2); possession of a controlled substance under Health and Safety Code section 11350, subdivision (a) (count 3); and being a narcotic addict in possession of a firearm under former Penal Code[1] section 12021 (count 4). It was further alleged, as to all counts, that defendant was released on bail (Pen. Code, § 12022.1) and had suffered two prior serious or violent convictions (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, (b)-(i)).[2]

On September 14, 2001, a jury found defendant guilty on all counts. On September 21, 2001, the trial court found true all allegations. Based on defendant's prior strike convictions, the court sentenced him to 50 years to life.

On direct appeal, we affirmed the judgment, as modified, and remanded the case to the trial court. (*People v. Cabral* (Jan. 28, 2003, E030854) [nonpub. opn.].) On remand, the trial court explained the reasons for consecutive sentences in count 1 and count 4: "Court finds after listening to arguments of the counsel that counts 1 and 4 arose

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     The original complaint was filed on April 4, 2000.

from separate and independent facts." The court then adopted the previous sentence of 50 years to life.

On March 14, 2013, defendant filed a motion to recall his sentence based upon the Three Strikes Reform Act. (§ 1170.126.) On May 17, 2013, the trial court denied the recall petition. It ruled that the jury's finding that defendant was armed while possessing a controlled substance and being an addict in possession of a firearm disqualified him from relief under the new law.

On May 24, 2013, defendant filed a timely notice of appeal from the denial of his motion.

## ANALYSIS[3]

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On October 21, 2013, defendant filed a seven-page handwritten brief. In his brief, defendant essentially argues that there is insufficient evidence to support the finding that he was armed with a firearm when he possessed a controlled substance.

---

[3] Since this is an appeal from the court's denial of defendant's recall petition, the underlying facts are not relevant to this appeal.

Defendant argues that he "did not use a firearm during the commission of the current offense; [he] was not 'armed' with a firearm or deadly weapon; [he] did not intend to cause great bodily injury to another person . . ." Defendant, however, filed a direct appeal from this conviction wherein we affirmed the judgment.

On this appeal, the only issue is whether the trial court erred in denying defendant's motion to modify his sentence under section 1170.126.

Proposition 36 amended the Three Strikes law (§§ 667, 1170.12) to require that before a defendant may be sentenced to an indeterminate life term in prison under the Three Strikes law, the new felony (the commitment offense) must generally qualify as a serious or violent felony. (§§ 667, subd. (e)(2)(A), (C), 1170.12, subd. (c)(2)(C).) An exception to this general rule exists, among others, where the prosecution has pled and proved the defendant used a firearm in the commission of the current offense, was *armed* with a firearm or deadly weapon, or intended to cause great bodily injury to another. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) If the prosecution pleads and proves this exception exists, the defendant must be sentenced under the Three Strikes law.

Proposition 36 also added section 1170.126, which applies exclusively to those "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Section 1170.126 sets forth a procedure through

4

which certain prisoners can petition the court for resentencing. Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).) An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and* none of enumerated factors disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).)

Section 1170.126, subdivision (e)(1), provides that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) Here, defendant's current offenses for possessing a controlled substance, possessing a controlled substance while armed with a firearm, and being a narcotic addict in possession of a firearm are not serious or violent felonies under sections 667.5, subdivision (c), or 1192.7, subdivision (c). However, the inquiry does not end with whether or not the current convictions are serious or violent felonies.

Section 1170.126, subdivision (e)(2), provides, as pertinent here, that a defendant is eligible for resentencing if "[t]he inmate's current sentence was *not* imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126,

5

subd. (e)(2), italics added.)  Being armed with a firearm during the commission of a current offense is listed in section 667, subdivision (e)(2)(C)(iii), and section 1170.12, subdivision (c)(2)(C)(iii).  It is undisputed here that defendant was armed with a loaded firearm during the commission of his current commitment offense of possession of a controlled substance.  As such, under section 1170.126, subdivision (e)(2), defendant was ineligible for resentencing based on the fact that defendant was armed with a firearm during the commission of one of his current felony offenses.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
                                                                                        J.


We concur:


HOLLENHORST
                    Acting P. J.


McKINSTER
                    J.


6